■ In the Matter of EDWARD F. COOK, Petitioner, v. ROBERT J. MANGUM, as Commissioner of the State Division of Human Rights, Respondent. (Proceeding No. 1.) In the Matter of MARGARET B. COLLINS, Petitioner, v. MAE SMITH, Complainant, and STATE DIVISION OF HUMAN RIGHTS et al., Respondents. (Proceeding No. 2.) — Two separate proceedings pursuant to section 298 of the Executive Law, to review an order of the State Human Rights Appeal Board, dated December 23, 1970, which modified, and affirmed as modified, an order of the State Division of Human Rights made after a hearing and dated March 12, 1970, which latter order, as so modified, found that petitioners and two others (Mr. & Mrs. Loper) were guilty of racial and color discrimination in housing and, *inter alia,* directed petitioners to desist from refusing to sell, rent or lease any housing accommodations to any person because of race, creed, color or national origin. Petitions granted and said orders are annulled, on the law, without costs. In our opinion, the findings of the State Division of Human Rights, as affirmed by the Human Rights Appeal Board, were not supported by sufficient evidence (Executive Law, § 298). The testimony at the hearings reveals that petitioner Mrs. Collins, a saleslady employed by petitioner Cook, a real estate agent, was aware that the complainant was black; and that, nevertheless, she not only informed her that the Lopers had a bungalow for rental, but drove her to the subject premises, introduced her to Mr. Loper and was instrumental in arranging the terms of a proposed lease. Furthermore, notwithstanding that the complainant was dilatory in making promised payments toward the first month's rent and the security deposit, on two occasions Mrs. Collins expended efforts toward saving the transaction, once to the extent of prevailing upon the Lopers to reconsider their first decision not to rent to the complainant. The record also demonstrates that the principal reason why the Lopers finally decided not to rent the bungalow to the complainant, and instructed Mrs. Collins to prepare a lease for its rental to Hulse, a white person, was because of the complainant's procrastination in making the above-mentioned payments and the Lopers' resultant belief that Hulse would therefore be a more dependable tenant. In view of the above facts, the determination of the Appeal Board that Mrs. Collins conspired with the Lopers to hide the racial nature of the latters' ultimate refusal to rent the bungalow to the complainant is totally unsup-

ported by the evidence (cf. *State Division of Human Rights* v. *Bystricky*, 36 A D 2d 278). The record is also devoid of any evidence to support the conclusion that petitioner Cook was guilty of racial discrimination vis-à-vis the complainant. His only involvement was to accept a late payment from the complainant toward the first month's rent and to issue her a receipt. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.